UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
SOVEREIGN BANK, N.A.,

                      Plaintiff,

      -against-

ROBERT A. LEE, JR., et al.,

                      Defendants.
-------------------------------------------------------X

CV 13-2756

(Wexler, J.)

APPEARANCES:

Platzer Swergold
By: Dennis Boyev. Esq., Stan L. Goldberg, Esq.
1065 Avenue of the Americas, 18th Fl.
New York, NY 10018
Attorneys for Plaintiff

The Margolis Law Firm LLC
By: Seth L. Dobbs, Esq.
110 Wall Street, 11th Floor
New York, NY 10005
Attorneys for Defendants Robert A. Lee, Jr. And RDG & Associates, LLC.

WEXLER, District Judge

    This case was commenced in New York State Court, and was removed here. Presently before the court is Plaintiff's motion to remand. For the reasons set forth below, the motion is granted.

## BACKGROUND

I.    <u>The State Court Action</u>

    This lawsuit is an action for foreclosure that was commenced on or about March 8, 2013 in the Supreme Court of the State of New York, County of Suffolk by Plaintiff Sovereign Bank,

1

N.A. (The "Plaintiff Bank"). The Plaintiff Bank seeks to foreclose on a blanket commercial mortgage lien it holds on two properties located in Remsemberg, New York (the "Mortgage"). Named as Defendants are individuals and entities alleged to be the makers and guarantors of the Mortgage. Also included as Defendants are a group alleged to hold some interest in, or lien upon the mortgaged properties, which interests or liens are alleged to be subordinate to that of the Plaintiff Bank.

II. <u>The Removal and Asserted Basis for Federal Jurisdiction</u>

On May 7, 2013, certain defendants (the "Removing Defendants"), removed this case to this court. The notice of removal, styled as a "Notice for Removal and Request for Consolidation," alleges federal jurisdiction over the removed action pursuant to 28 U.S.C. §1331, and seeks consolidation with an action pending in this court, captioned <u>Lee Dodge v. Sovereign Bank, N.A.</u>, No. 12-1927 (E.D.N.Y.)(ENV-SMG) (the "Lee Dodge Action"). In the Lee Dodge Action, certain of the Removing Defendants have sued the Plaintiff Bank and other entities alleging, <u>inter alia</u>, violation of the Federal RICO statute.[1] Removal of this action is stated to be premised upon the asserted fact that this foreclosure action is related to the facts and transactions set forth in the Lee Dodge Action, and that this action should have been asserted as a compulsory counterclaim in the Lee Dodge Action pursuant to Rule 13(a) of the Federal Rules of Civil Procedure.

III. <u>The Motion to Remand</u>

The Plaintiff Bank seeks remand on the ground that not all defendants have joined in or

---

[1] A motion to dismiss the Lee Dodge Action is presently pending before the court therein.

2

consented to the removal. In support of the motion, the Plaintiff Bank thus relies upon 28 U.S.C. §1446((b)(2)(A), which provides that where, as here, removal is stated to be based upon 28 U.S.C. §1331 (federal question jurisdiction), "all defendants who have been properly joined and served must join in or consent to removal of the action." U.S.C. §1446((b)(2)(A). The Removing Defendants allege that the non-consenting defendants have either not been served, or are nominal parties whose consent to removal is not necessary. After review of relevant legal principles, including those specifying the types of cases that may be properly removed, the court will turn to the merits of the motion.

## DISCUSSION

I. <u>Legal Principles</u>

A. <u>Removal Statute</u>

28 U.S.C. §1441 permits removal of any civil action, commenced in a state court, over which a federal court has original jurisdiction. 28 U.S.C. §1441(a); <u>Rivet v. Regions Bank of Louisiana</u>, 522 U.S. 470, 474-75 (1998); <u>Bounds v. Pine Belt Mental Health Care Resources</u>, 593 F.3d 209, 215 (2d Cir. 2010). Where removal is based upon a claim arising under federal law, the action may be removed, without regard to the citizenship of the parties. 28 U.S.C. 1441(b). In such cases, all Defendants who have been properly joined and served must join in or consent to removal of the action." U.S.C. §1446((b)(2)(A).

When deciding whether a case has been properly removed, the court considers whether the plaintiff would have been entitled, in the first instance, to commence the case in federal court <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987); <u>Town of Southold v. Go Green Sanitation, Inc.</u>, 2013 WL 2565689 *4 (E.D.N.Y. 2013). When deciding this issue the court looks

3

to whether plaintiff's "well-pleaded complaint" contains a federal question. Beneficial Nat'l. Bank v. Anderson, 539 U.S. 1, 6 (2003); Rivet, 522 U.S. at 475.

In accord with the well-pleaded complaint rule, federal jurisdiction cannot be created by reliance on a federal defense, whether expressly stated or anticipated. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009); Rivet, 522 U.S. at 478; Isufi v. Prometal Const., Inc., 2013 WL 782871 *5 (E.D.N.Y. 2013) (federal defense not proper basis for removal); Allfour v. Bono, 2011 WL 2470742 *1 (E.D.N.Y. 2011) ("federal nature of respondents' defense and counterclaim is not sufficient to confer jurisdiction . . . for purposes of removal"). Additionally, "a federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction." Vaden, 556 U.S. at 60; Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 829-30 (2002); District Council 1707 Local 389 Home Care Employees' Pension and Health and Welfare Funds v. Strayhorn, 2013 WL 1223362 *6 (S.D.N.Y. 2013).

Nor does the presence of an allegedly related federal action form a proper basis for removal of a state court action. While the supplemental jurisdiction statute allows a district court to exercise jurisdiction over claims that are "so related" that they "form part of the same case or controversy," 28 U.S.C. §1367, that statute cannot form the basis for removal. Village of Baxter Estates v. Rosen, 2012 WL 3779412 *3 (E.D.N.Y. 2012); Raghavendra v. Stober, 2012 WL 2324481 *8 (S.D.N.Y. 2012) ("supplemental jurisdiction cannot supply the original jurisdiction needed to remove a state court complaint . . . .") (citations omitted). As set forth succinctly in Calabro v. Aniqa Halal Live Poultry Corp., 2009 WL 4893200 (E.D.N.Y. 2009):

> Section 1367 does not permit defendants to remove actions that are not properly removable under § 1441(a). If § 1367 could be used in this way, then § 1441(a)'s language limiting removal to only those actions of which district courts have original

4

jurisdiction would be meaningless; a defendant could remove an action raising only state law questions whenever it could assert federal claims related to the same facts that gave rise to the plaintiff's lawsuit. This reading of § 1367 would make the defendant, not the plaintiff, master of the plaintiff's claim and would conflict with the Supreme Court's repeated affirmation of the "well-pleaded complaint rule.

Calabro, 2009 WL 4893200 * (E.D.N.Y. 2009); accord Vermont v. McGrx, Inc., 2010 WL 3767794 *7-8 (D. Vt. 2010); Corporate Visions, 2000 WL 33217350 *1 ("district court ... cannot exercise supplemental jurisdiction unless there is first a proper basis for original federal jurisdiction"), quoting, Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182 (2d Cir.1996).

B. Remand Standards

In the context of a motion to remand, the burden lies with the party seeking to sustain the removal as proper. See R.G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 655 (2d Cir. 1979); Marcus v. Quattrocchi, 715 F. Supp.2d 524, 530 (S.D.N.Y. 2010). When deciding the issue of remand the court considers the legal principles set forth above, in light of the overriding principle that federal courts are courts of limited jurisdiction and the removal statute is to be "strictly construed." Raghavendra v. Stober, 2012 WL 2324481 *3 (S.D.N.Y. 2012), quoting, Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32 (2002).

II. Disposition of the Motion to Remand

As noted, the parties' disagreement in this case focuses on the question of whether all named defendants have, as required by the removal statute, consented to the remand. The parties' submissions, however, overlook the more fundamental issue presented, i.e., whether this state court foreclosure action was subject to removal in any event. As demonstrated below, it was not.

The Removing Defendants allege the existence of federal question jurisdiction based

5

upon the assertion that the foreclosure action is either related to, or constitutes a compulsory counterclaim in the pending Lee Dodge Action. As demonstrated above, however, it is well settled that neither theory can support removal. Where, as here, no federal claim is stated on the face of Plaintiff's complaint, and the only basis asserted for removal is a claim of a related federal defense, counterclaim or other pending action, the matter is properly remanded to the state court. E.g., Town of Southold v. Go Green Sanitation, Inc., 2013 WL 2565689 *6 (E.D.N.Y. 2013) (noting that Second Circuit has "consistently dismissed cases removed to its federal district courts where subject matter jurisdiction could not be justified based on the plaintiff's original well-pleaded complaint"); Village of Baxter Estates v. Rosen, 2012 WL 3779412 *2 (E.D.N.Y. 2012); Visions, Inc. v. Sterling Promotional Corp., 2000 WL 33217350 *1 (E.D.N.Y. 2000).

In light of the foregoing, the court grants the motion for remand and declines to consider whether all named defendants have been served, and whether such defendants are "nominal" parties. Such issues are irrelevant where, as here, there is simply no basis for the exercise of federal removal jurisdiction.

## CONCLUSION

For the foregoing reasons, the motion to remand is granted. The Clerk of the Court is directed to terminate the motion appearing as docket entry number 5, return the file in this matter to the Supreme Court of the State of New York, County of Suffolk, and to close the file in this case.

SO ORDERED

s/ Leonard D. Wexler
_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
September 12, 2013